IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTISSA TOWERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-0122-D |
| VS. | § | |
| | § | |
| CBOCS TEXAS, LLC, d/b/a CRACKER BARREL OLD COUNTRY STORE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Artissa Towery ("Towery") against defendant CBOCS Texas, LLC, d/b/a Cracker Barrel Old Country Store ("Cracker Barrel"), alleging claims for race discrimination, under Title VII of the Civil Rights Act of 1964 ("Title VII"), and age discrimination, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, Cracker Barrel moves for summary judgment, and Towery has not responded to the motion. For the reasons that follow, the court grants the motion and dismisses this action by judgment filed today.[1]

I

Cracker Barrel terminated the employment of Towery, who is African-American and was 52-years old during the relevant time period. Towery sued Cracker Barrel, alleging that it discharged her based on her race and age, in violation of Title VII and the ADEA. Cracker Barrel moves for summary judgment, contending that Towery cannot establish a *prima facie* case and that

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Cracker Barrel had a good-faith, legitimate, nondiscriminatory basis to terminate her employment: after Towery had already been disciplined for using the word "fag" in the workplace to refer to homosexuals, she got into a physical altercation with another Cracker Barrel employee in the workplace.

Cracker Barrel filed the instant motion for summary judgment on March 29, 2016. Towery did not respond to the motion by the April 19, 2016 deadline,[2] and the motion is ripe for determination.

II

Because Cracker Barrel will not have the burden of proof at trial on Towery's Title VII and ADEA claims, it need only point the court to the absence of evidence of any essential element of Towery's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once it does so, Towery must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Towery. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Towery's failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Towery fails to meet this burden. *Little*, 37 F.3d at 1076.

As noted, Towery has not responded to Cracker Barrel's motion. Although her failure to respond does not permit the court to enter a "default" summary judgment in Cracker Barrel's favor,

---

[2] *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

- 2 -

*see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

Cracker Barrel has pointed the court to the absence of evidence to support Towery's Title VII and ADEA claims. *See, e.g.,* D. Br. at 10-11.  Because Towery has failed to respond to Cracker Barrel's motion, she is "relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman*, 945 F. Supp. at 1002.  Towery has therefore failed to raise a genuine issue of material fact regarding her Title VII and ADEA claims, and Cracker Barrel is entitled to summary judgment.  Additionally, Cracker Barrel has introduced undisputed evidence that it terminated Towery's employment for fighting with another employee after having received a final written warning for using the term "fag" in the workplace, in violation of Cracker Barrel policy.

Accordingly, Cracker Barrel's motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

May 3, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE